IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS BOWMAN, ) | |
| Reg. No. 70857-019 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-1041-WHA |
| ) | |
| WALTER J. WOOD, SR., ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner initiated this 28 U.S.C. § 2241 seeking immediate release to home detention pursuant to the First Step Act of 2018 in accordance with the "Elderly Offender Home Detention Program." Doc 1 at 1. However, Petitioner did not file a motion for leave to proceed *in forma pauperis* with the necessary documentation from the prison account clerk nor did he submit the requisite $5.00 filing fee. Thus, the documents filed by Petitioner failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of the filing fee in this civil action.

Based on the foregoing, the court entered an order requiring Petitioner to submit an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* and appropriate financial information from the prison's inmate account clerk or pay the requisite $5.00 filing fee on or before January 14, 2020. Doc. 2 at 1. The court specifically advised Petitioner "that failure to file a response to this order may result in the dismissal of this case." Doc. 2 at 2. Petitioner failed to file a response to this order within the time

provided by the court.  Thus, the court entered an order directing "Petitioner [to] show cause why he has failed to file a motion for leave to proceed *in forma pauperis* with the necessary documentation from the prison account clerk at the Montgomery Federal Prison Camp or the requisite $5.00 filing fee as ordered [by] this court."  Doc. 3.  This order specifically "cautioned [Petitioner] that failure to file a response to this order will result in the dismissal of this case."  Doc. 3.

As of the present date, Petitioner has filed no response to the orders regarding submission of necessary financial information.  Absent either pre-payment of the requisite filing fee or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Petitioner's failure to file necessary financial information as ordered by this court.

On or before **February 28, 2020**, Petitioner may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of February, 2020.

        /s/ Charles S. Coody
        UNITED STATES MAGISTRATE JUDGE